82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald M. SULLIVAN, et al., Plaintiffs-Appellees,
v.
Stanford BRINSKY d/b/a Banner Plumbing Service, Defendant-Appellant.
 No. 95-2164.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 11, 1996.
Decided April 12, 1996.
 
 Before ESCHBACH, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The trustee of four multiemployer benefit funds filed this suit in 1993 against Stanford Brinsky d/b/a Banner Plumbing Service. The complaint, which stated claims under ERISA and the Labor Management Relations Act of 1947, alleged that Brinsky was personally liable for unpaid contributions to the funds. Brinsky denied the claim, and a year and a half after the suit was filed both sides move for summary judgment. The district court looked favorably on the trustee's motion and gave him a judgment for $140,818.71. A little later, a second judgment covering interest, costs, and attorney's fees was entered in favor of the trustee for $88,934.38. Brinsky appeals.
 
 
 2
 The standards employed in ruling on motions for summary judgment are well known. We need not and will not repeat them here. Instead, we will move quickly to Brinsky's claim that he is not personally liable to the trustee.
 
 
 3
 Brinsky claims the funds have sued the wrong party because he is not personally liable for the delinquent contributions. Brinsky does not dispute that his signature appears on the critical collective bargaining agreement covering the period from June 1, 1990, through May 1992. He says, however, that he signed the agreement only as an officer of "Brinsky Enterprises, Inc."
 
 
 4
 Brinsky's position finds absolutely no support on the face of the agreement. The name "Brinsky Enterprises, Inc." does not appear. The agreement is signed by Stanford Brinsky and lists "Banner Plumbing Service" as the employer. Brinsky acknowledges that Banner Plumbing Service is not an Illinois corporation. It is his position, however, that Banner Plumbing Services is the assumed name that the corporation "Brinsky Enterprises, Inc." has been using since its incorporation and with which the funds had been dealing. Accordingly, he claims that "Brinsky Enterprises, Inc." is the proper party bound by the collective bargaining agreement.
 
 
 5
 The district court was not persuaded by Brinsky's argument and neither are we. Although there is evidence tending to show that Brinsky Enterprises, Inc. at times operated under the name of "Banner Plumbing Service," the signatures on the agreement are clear and unmistakable.[1] Brinsky signed the collective bargaining agreement and submitted contribution reports not on behalf of "Brinsky Enterprises, Inc." but rather as an individual doing business as Banner Plumbing Service.
 
 
 6
 In support of his contention that the funds should have known they were dealing with Brinsky Enterprises, Inc., Brinsky claims that from the date of incorporation, Brinsky Enterprises, Inc. made and the funds accepted all contribution payments due by checks issued in the name of "Brinsky Enterprises, Inc." The checks were signed by a corporate officer other than Stanford Brinsky. This argument, however, ignores the fact that the name "Banner Plumbing Service" also appears on the checks. Moreover, the signature on the check is of little or no significance, for neither ERISA nor the agreement requires that contributions be made only by a signatory to the agreement.
 
 
 7
 Brinsky also argues that the fact that Banner Plumbing Service has no financial accounts, statements, or tax records compels the conclusion that Brinsky Enterprises, Inc. is the proper party to this litigation. The fact of the matter, however, is that Brinsky signed the agreement and submitted all contribution reports under the name of Banner Plumbing Services. At no time prior to the institution of this lawsuit did he reveal to the funds that he was acting on behalf of Brinsky Enterprises, Inc., yet he now seeks to position himself behind the corporate veil. Were we to accept Brinsky's interpretation, a smattering of unhealthy ramifications would result, and funds like the plaintiffs' here would face an unwarranted uncertainty as to the true identity of a signatory to a collective bargaining agreement.
 
 
 8
 Finally, the case law cited by Brinsky is wholly inapplicable. Brinsky goes to great lengths to argue that the funds cannot recover from him personally, because the funds have failed to allege that Brinsky Enterprises, Inc. was Brinsky's "alter ego." Brinsky's argument misses the mark. The funds are not trying to impose personal liability upon him by piercing the corporate veil. Rather, they seek to recover from Brinsky in his individual capacity based on his signature on the agreement as an individual doing business as Banner Plumbing Service. Alter ego jurisprudence is foreign to this case.
 
 
 9
 We agree with the funds' position that under the circumstances Brinsky is the party personally bound by the terms of the collective bargaining agreement. We further conclude that the amount of the award, which is the precise sum found to be due after an audit, also should not be disturbed. Lastly, Brinsky raises other attacks on the funds' motion, most of which were either not raised below or are inconsistent with the arguments he did raise. These arguments have been waived. And so, because summary judgment was properly ordered for the trustee, the judgment of the district court is affirmed.
 
 
 
 [1]
 Compare this to Sullivan v. Terry Cox d/b/a Central Emerald, --- F.3d ---- (March 12, 1996), where the collective bargaining agreement noted that the legal name of the business was "Central Emerald," a box under the heading "type of entity" was checked in the space marked "corporation" and the signature line was signed "Terry Cox President."